C. LAMB & SONS, Appellant, v. G. L. DOBSON, Secretary of State.

Renewal of Corporations: *May be had by amendment to articles.* Code 1897, section 1618, declares that business corporations may be renewed if a majority of the votes cast at any regular election or special election called for that purpose be in favor, and if those wishing such renewal will purchase the stock of those opposed, at its real value; and section 1615 provides that changes in the articles of incorporation may be made at any meeting of stockholders called for that purpose, and shall be valid when recorded, approved, and published as the original articles, but such changes need only be signed and acknowledged by such officers as may be designated to perform such act by the stockholders. *Held*, that the duration of a corporation might be properly extended by amendment to the articles duly adopted and recorded in the proper county, and filed in the office of the secretary of state, without readopting and refiling the articles in the manner of the original incorporation.

FEES ON SUCH AMENDMENT. A corporation, the existence of which has been terminated by expiration of time, is not liable for the fees imposed by Code, section 1610, on the original organization of corporations, on the renewal of its corporate existence by amendment of its articles.

SAME:   *Statutes.*   Acts Twenty-eighth General Assembly chapter
56, enacted March 16, 1900. amending Code 1897, section 1618,
authorizing the renewal of corporations by adding a provision
requiring a fee to be paid on the renewal, and declaring that
such fees shall be due from all corporations applying
for renewal since January 1, 1898, though retrospective
in its operation, did not authorize the requirement of
fees from a corporation which had been properly re-
newed prior to its passage, by amendment of its articles,
but which amendment the secretary of state had illegally re-
fused to file.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

TUESDAY, MAY 20, 1902.

ACTION of mandamus to compel defendant, who was
secretary of state, to record an amendment to plaintiff's
articles of incorporation, by which the term of its corpor-
ate life was extended or renewed.   There was a demurrer
to the petition, which was sustained, and, plaintiff elect-
ing to stand on its pleading, judgment was rendered against
it for costs.   It appeals.—*Reversed.*

*Barker, Ellis & McCoy* for appellant.

*Carr & Parker* for appellee.

WATERMAN, J.—I. The petition and demurrer are both
quite lengthy.   The case seems to have been put in form
by counsel to present certain questions for decision.   We
shall state and determine those questions in the order in
which they are discussed by counsel. Plaintiff was
duly organized as a corporation on the twenty-
fourth day of January, 1878; the term of its corpor-
ate existence expiring, as provided in its articles, on Janu-
ary 24, 1898.   On the twelfth day of January, 1898, at a

meeting at which all of the stock was voted, a resolution
was unanimously adopted to so amend the articles of incor-
poration as to renew the corporation or extend the period
of its existence for twenty years more. The following
amended article was adopted and the president and secre-
tary were authorized to sign and acknowledge it, and have
it recorded: "Art. 4. Said corporation shall commence
on the twenty-fourth day of January, A. D. 1878, and shall
·endure and continue until January 24th, A. D. 1918, but
it may however, be previously dissolved whenever the
holders of two-thirds of the capital stock thereof shall vote
for and determine upon such dissolution." Such article
was duly signed and acknowledged by the officers named,
and recorded in the proper county. This amended article,
with the certificate of the recorder attached, was on Feb-
ruary 21, 1898, delivered to defendant, with a request
that he record the same; and a fee of 50 cents was ten-
dered. Defendant declined to record or file the amend-
ment in his office unless a further fee of $350 was paid
him. Afterwards plaintiff again presented said amend-
ment to defendant for record, and defendant again refused
to comply with the request unless a fee of $715 was first
paid. The law in force relating to the renewal or exten-
sion of corporations at the time the amendment to plain-
tiff's articles was adopted was section 1618, Code, and is in
these words: "Duration—How Renewed. Corporations
for the construction of any work of internal improvement
may be formed to endure for fifty years, those for other
purposes not to exceed twenty years; but in either case
they may be renewed from time to time for the same or
shorter periods within three months before or after the
time for the termination thereof, if a majority of the votes
cast at any regular election, or a special election called for
that purpose, be in favor of such renewal, and if those
wishing such renewal will purchase the stock of those op-
posed thereto at its real value." How the renewal was

to be made, defendant claims, was not provided in the Code, and therefore he contends it could be done only in the manner in which incorporation was first accomplished, and that section 1610, Code, which provides a maximum fee for original incorporation, and which was the statute governing the case when the first demand was made upon him, authorized an exaction by him of a fee of $350. There is no question but, if plaintiff was liable for a fee under this section, the amount then demanded was correct. This presents the first question we have to determine. Were the steps taken by plaintiff, the proper ones to effect a renewal of its charter? It is true that section 1618 provides no method for effecting a renewal, but it does authorize a change in the articles fixing the length of the term, if done within three months before or after the expiration of the original period fixed. Turning now to section 1615 of the same chapter, we find that the method of making changes in articles is pointed out, and it is the same as was pursued in this case. We cannot agree that the statute at that time specified no way of effecting the renewal of the corporate life provided for in section 1618. On the contrary, we think the two sections mentioned, when taken together, clearly fix the method to be pursued under the section authorizing renewals. If defendant is right, a new corporation should have been formed; the old one could not be continued: No such requirement, we think, was contemplated by the general assembly. *People v. Green*, 116 Mich. 505 (74 N. W. Rep. 714), we regard as a case directly in point. The Pontiac & Orchard Lake Gravel Road Company attempted, by amendment, to extend the term of its charter. At the time the attempt was made, the only power of amendment given to corporations, under the statutes of Michigan, was in relation to an increase of capital. Later the law was so changed as to give corporations general power to amend their articles, the pro-

vision being similar to our section 1615.  Under this act the corporation readopted the article extending its charter, and the court held it valid.  See, also *Attorney General v. Perkins*, 73 Mich. 303, (41 N. W. Rep. 426); *National Exch. Bank v. Gay*, 57 Conn. 224, (17 Atl. Rep. 555, 4 L. R. A. 343).  That the action necessary to renew was to be taken by the corporation through an amendment is made clear by the requirement of section 1618 that those wishing to renew should purchase the stock of those opposing such action.  If the so-called renewal was to be in fact the creation of a new corporation, no provision of this kind would be necessary, or, indeed, of any effect.  We need not analyze the many authorities cited by counsel.  The matter is settled, as we believe, by the terms of our statute.

II.  Had the secretary of state the right to demand the same fee for a renewal of a charter as he was authorized to charge under section 1610 for the organization of a new corporation?  No fee was provided for a renewal, except a recording fee, which in this case would not exceed the amount tendered.  We do not think plaintiff was entitled to have the amendment recorded unless it was entitled to a certificate.  But we believe it was entitled to a certificate in this case without payment of any other fee than that tendered.  We are not, in general, inclined to give much weight to the doctrine of legislative construction, and we do not here allow it to control our decision; but the fact that the Twenty-eighth General Assembly (chapter 56) amended section 1618 of the Code, and provided a fee to be paid on the renewal of a corpora tion, strengthens us in the conclusion that the provision of section 1610 in relation to fees had no reference whatever to renewals.

III  The act of the Twenty-eighth General Assembly to which we have referred provided for a fee, which in this case would have amounted to $715.  The act went into effect March 16, 1900.  Section 2 thereof

is as follows: "The fees herein provided shall be due from all corporations applying for a renewal since the first day of January, 1898." It was under this act that defendant insisted upon the payment of a fee of $715 when demand was made upon him the second time to record the amended article. We have now to consider the effect of this act on plaintiff's rights. In express terms, it is retroactive. Is that feature of the act valid? If the secretary of state had recorded this article when first presented, and issued a certificate to defendant, still this fee could be recovered under the provisoins of that act as construed by appellee. From February 21, 1898, to March 16, 1900, it would have been doing business lawfully under the statute existing at that time. On what principle can this arbitrary exaction, then, be supported? Counsel for defendant say that plaintiff's charter had not been renewed when this act went into effect, and for that reason the law is valid and applicable. But it was only because an officer of the state refused to perform his duty that it was not in fact renewed, or, rather, recognized by him as renewed; for we believe the charter was extended when the corporation did all that was required of it under the law to effect that end.

As defendant does not discuss the constitutional phase of the question, we shall not enlarge upon it. If plaintiff had a right to a renewal certificate on February 21, 1898,—and we have found it had,—its situation is not different now from what it would be if such certificate had been issued at that time. Having thus a fixed legal status, so far as its own acts were concerned, and a status that no officer had power to interfere with or to destroy by his refusal to act, it is apparent the exaction of the amount fixed in the act was not a fee; for the renewal had, in legal effect, been accomplished

before the imposition was made. As to this plaintiff it is a penalty, and, being such, it could not lawfully be imposed retrospectively. *Galusha v. Wendt* 114 Iowa, 597.

The demurrer was improperly sustained, and the judgment must be REVERSED.